# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

OLIVER FAISON, JR.,

                Petitioner,                 Case Number: 2:07-CV-11765

v.                                         HON. ARTHUR J. TARNOW

C. EICHENLAUB,

                Respondent.

_____/

## OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Oliver Faison, Jr., filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the Federal Bureau of Prisons' (BOP) decision to deny him early release benefits under 18 U.S.C. §3621(e), based upon his firearm conviction. Respondent has filed a Motion to Dismiss on the ground that Petitioner's recent release from incarceration renders his petition moot. For the reasons set forth below, the Court denies the Motion to Dismiss and denies the petition

## I. Background

Petitioner was convicted in the United States District Court for the Northern District of Ohio of possession with intent to distribute cocaine and using or carrying a firearm during and in relation to a drug trafficking offense. On May 14, 2003, he was sentenced to 84-months' imprisonment and three years supervised release.

Petitioner was approved for admission into the BOP's Residential Drug Abuse Program on December 17, 2004. The BOP has discretion to reduce an inmate's sentence by up to one

year if the inmate was convicted of a qualifying offense and successfully completes the RDAP.

18 U.S.C. § 3621(e)(2)(B).  Petitioner was notified that, while he was eligible to participate in

the RDAP, he would not be considered for the early release benefit because of his firearm

conviction.

       In August 2006, Petitioner filed an administrative remedy request with the warden at the

Federal Correctional Institution in Milan, Michigan, where he was incarcerated at the time.

Petitioner argued that his offense was not a "crime of violence" precluding early release

consideration.  The warden denied Petitioner's request for relief on the ground that Program

Statement 5162.04 identifies Petitioner's firearm-related conviction as an offense that, at the

director's discretion, precludes early release.  *See* Response to Request for Administrative

Remedy, dated 9/12/06, attached as Ex. 5 to Respondent's Answer.

       Petitioner appealed the warden's decision to the Regional Office and the Central Office

for inmate appeals.  Both appeals were denied on the ground that Petitioner's firearm-related

conviction, at the director's discretion, precludes early release.  *See* Regional Administrative

Remedy Appeal Response, 10/6/06, attached as Ex. 6 to Respondent's Answer; Central Office

Administrative Remedy Appeal, 1/7/07, attached as Ex. 7 to Respondent's Answer.

       Petitioner then filed the pending petition for a writ of habeas corpus, raising the

following claim:

> The petitioner contends that the BOP Federal Bureau of Prisons has violated 18
> U.S.C. § 3621(c) due to its discriminatory practices of selection of inmates that
> receive the benefits.

**II. Discussion**

**A.  Mootness**

Respondent has filed a motion to dismiss on the ground that Petitioner's November 7, 2008 release from custody renders his petition moot.

Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  This case or controversy requirement means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

"A claim for the denial of early release benefits under 18 U.S.C. § 3621(e)(2)(B) is not rendered moot by the petitioner's release from physical confinement." *Chevrier v. Marberry*, 2006 WL 3759909, * 2 (E.D. Mich. December 20, 2006) (Lawson, J.), *citing Magnin v. Beeler*, 110 F. Supp. 2d 338, 340 n. 3 (D. N.J. 2000).  If given the benefit of the early release program, Petitioner would have been released from prison earlier, and his term of supervised release would have commenced on an earlier date. *Id.*  Therefore, if Petitioner's habeas claims were found meritorious by this Court, the length of his supervised release term would be shortened. Consequently, the Court finds that the petition is not rendered moot by Petitioner's release from incarceration where he is still serving a term of supervised release.

**B.  Relevant Statutory and Regulatory Background**

Pursuant to 18 U.S.C. § 3621(b)(5), the BOP must "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse."  To encourage successful participation in the program, the statute provides

that:

> [t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).

To determine which inmates would be eligible for participation in the drug treatment program and which inmates would be eligible to be considered for sentence reduction upon successful completion of the program, the BOP promulgated certain regulations and program statements defining inmates' eligibility. The Act did not define "nonviolent offense." Thus, among the first regulations enacted by the BOP was Regulation 550.58, which defined "nonviolent offense" as any offense that is not a "crime of violence" as that term is defined in 18 U.S.C. § 924(c)(3). The BOP also issued Program Statement 5162.02 which excluded from consideration for early release any prisoner whose sentence included an enhancement for possession of a firearm.

Following promulgation of the BOP's regulations and statements governing the administration of § 3621(e)(2)(B), numerous prisoners successfully challenged the BOP's reliance on sentence enhancements for possession of a firearm in categorically excluding prisoners from consideration for early release. Courts holding this categorical exclusion to be improper did so based on the plain language of § 3621(e)(2)(B). The statute permits a sentence reduction for prisoners "convicted of a nonviolent offense." Thus, the BOP's reliance on sentence *enhancements*, rather than convictions, to determine eligibility for early release conflicted with the plain language of the statute. *See, e.g.*, *Fristoe v. Thompson*, 144 F.3d 627, 631 (10th Cir. 1998); *Scroger v. Booker*, 39 F. Supp. 2d 1296 (D. Kan. 1999); *Samples v.*

4

*Scibana*, 74 F. Supp. 2d 702 (E.D. Mich. 1999).  Other courts held that a sentence enhancement

for felon in possession could not properly be categorized as a nonviolent offense.  *See, e.g.*, *Byrd*

*v. Hasty*, 142 F.3d 1395, 1397 (11th Cir. 1998).

In response to the successful challenges to its definition of nonviolent offenses, the BOP

amended 28 C.F.R. § 550.58, and issued the following interim regulation:

> An inmate who was sentenced to a term of imprisonment . . . for a nonviolent offense, and who is determined to have a substance abuse problem and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.
>
> (a) Additional early release criteria.
>
> (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
>
> . . . .
>
> (vi) Inmates whose current offense is a felony:
>
>> (A) That has as an element, the actual, attempted or threatened use of physical force against the person or property of another, or
>>
>> (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), or
>>
>> (C) That by its nature or conduct, presents a serious potential risk of physical force against the person or property of another . . . .

28 C.F.R. § 550.58 (1997 Interim Regulation).  The effective date of this interim regulation was

October 9, 1997.  It was published in the Federal Register on October 15, 1997 and comments

were sought until December 15, 1997.  62 Fed. Reg. 53691 (Oct. 15, 1997).[1]

_____

[1]  In *Lopez v. Davis*, 531 U.S. 230 (2001), the Supreme Court held that the 1997 Interim Regulation's categorical exclusion of prisoners based on their involvement with firearms in

The BOP also issued a Program Statement that became effective on October 9, 1997, which lists offenses that preclude early release at the Director's discretion even though the offenses may not be crimes of violence.  The Program Statement specifically excludes from consideration for early release benefits all inmates convicted under 18 U.S.C. § 922(g).  On December 22, 2000, the Bureau replaced its 1997 Interim Regulation with a final regulation, which adopted the interim rule without any changes. See 65 Fed.Reg. 80748 (Dec. 22, 2000).

### C.  Equal Protection Claim

Petitioner argues that the BOP's decision to deny him early release benefits violates his rights under the Equal Protection Clause.  The Equal Protection Clause mandates that all persons, who are similarly situated, should be treated alike. *See City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985).  Nevertheless, "[t]o withstand Fourteenth Amendment scrutiny, statutes that do not interfere with fundamental rights or single out suspect classifications must bear only a rational relationship to a legitimate state interest."  *Richland Bookmart, Inc. v. Nichols*, 278 F.3d 570, 574 (6th Cir. 2002), *citing City of Cleburne,* 473 U.S. at 440.  Federal courts have consistently held that prisoners do not constitute a suspect class.  *See Hadix v. Johnson*, 230 F.3d 840, 843 (6th Cir. 2000).  In addition, there is no constitutional right to early release.  *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Because neither a suspect class nor a constitutional right is involved in this claim, the different treatment of prisoners serving sentences for violating 18 U.S.C. § 922(g) need only satisfy the rational basis test.  *City of Cleburne*, 473 U.S. at 440.  "The Bureau's decision to deny early release to persons convicted

---

connection with the commission of a felony was a permissible exercise of the Bureau's discretion.

6

of being a felon in possession of a firearm is rationally related to a legitimate governmental interest in discouraging the unlawful use of weapons and in protecting the public from potentially violent criminals." *Hannah v. Marberry*, 2006 WL 3694619, *7 (E.D. Mich. Dec. 13, 2006).

In support of his equal protection claim, Petitioner references four federal inmates who apparently were granted an early release benefit after completing the BOP's substance abuse program. Three of the inmates were convicted of gun-related charges and the fourth had his sentence enhanced based upon the possession or use of a gun in connection with the offense. "To prove that a statute has been administered or enforced discriminatorily, more must be shown than the fact that a benefit was denied to one person while conferred on another." *Sylvia Development Corp. v. Calvert County, Md.*, 48 F.3d 810, 819 (4th Cir. 1995). "In order to prevail on an equal protection claim based upon the application of a facially neutral statute, it must be establish that: (1) the plaintiff was treated differently than similarly situated persons; and (2) the defendant unequally applied the facially neutral statute for the purpose of discriminating against the plaintiff." *Strickland v. Alderman*, 74 F.3d 260, 264 (11th Cir. 1996). Petitioner has failed to allege that he was treated any differently as the result of discriminatory animus. At most, he has alleged inconsistencies in treatment. "[M]ere inconsistencies or erroneous decisions in prison management, . . . do not by themselves constitute a cognizable equal protection claim." *Clapper v. Wisconsin Dep't of Corrs*, 946 F. Supp. 672, 680 (E.D. Wisc. 1996) (citing *Shango v. Jurich*, 681 F.2d 1091, 1103-05 (7th Cir. 1982), and *Durso v. Rowe*, 579 F.2d 1365, 1372 (7th Cir. 1978)). *See also Chevrier v. Marberry*, No. 04-10239, 2006 WL 3759909, *6 (E.D. Mich. Dec.20, 2006) (dismissing equal protection claim based on denial of

7

reduction in sentence even if some inmates with similar convictions were granted early release).

### III.

The petition is not rendered moot by Petitioner's release from incarceration where he is still serving a term of supervised release.  Therefore, **IT IS ORDERED** that Respondent's Motion to Dismiss is **DENIED**.

The BOP's decision not to reduce Petitioner's sentence for successful completion of the RDAP was permissible and did not violate the Equal Protection Clause.  Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**.


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  December 30, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 30, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary